JOHN H. CRONIN, Appellant, *v.* WILLIAM LORD, as Executor of MARTHA A. CRONIN, Deceased, Respondent.

1. APPEAL — NON-REVIEWABLE QUESTION OF LAW WHETHER THERE IS ANY EVIDENCE. The question of law, whether there is any evidence supporting or tending to sustain a finding or verdict on a question of fact, is not reviewable in the Court of Appeals, when the judgment has been affirmed unanimously by the Appellate Division, whatever may be the form of the exception, whether to a ruling submitting the case to the jury, refusing a nonsuit, or to a charge that there is or is not evidence, as the case may be, to warrant a finding or verdict on the disputed question of fact.

2. NON-REVIEWABLE EXCEPTION. When the Court of Appeals is prohibited from reviewing a specified question of law, it necessarily follows that any exception taken at the trial, directed to that particular question alone, cannot be reviewed and is not available in that court.

*Cronin* v. *Lord*, 15 App. Div. 625, affirmed.

(Argued October 23, 1899; decided November 28, 1899.)

APPEAL from a judgment and order of the Appellate Division of the Supreme Court in the third judicial department,

entered April 29, 1897, affirming a judgment in favor of defendant entered upon a verdict and orders denying a motion for a new trial, denying an application requiring defendant to pay the expense of proving on the trial the genuineness of the notes in suit, and granting an extra allowance.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Countryman* for appellant.    The court erred in receiving in evidence conveyances of property from Mrs. Cronin to the plaintiff and mortgages of Mrs. Cronin upon her property to third persons prior to the execution of the notes in question for the purpose of disproving consideration as immaterial and having no relation whatever to the notes in question, and having no tendency to prove that there was no consideration for the notes. (*De Freest* v. *Bloomingdale*, 5 Den. 304; *Lake* v. *Tysen*, 6 N. Y. 461; *Keteltas* v. *Myers*, 19 N. Y. 231, 233; *Sprague* v. *Sprague*, 80 Hun, 285; *Carnwright* v. *Gray*, 127 N. Y. 92; *Hegeman* v. *Moon*, 131 N. Y. 462; *Velie* v. *Titus*, 39 N. Y. S. R. 897; *Marie* v. *Garrison*, 83 N. Y. 15; *Miller* v. *McKenzie*, 95 N. Y. 575; *Roberts* v. *Cobb*, 103 N. Y. 600.)    The court erred in receiving evidence of the prior conveyances, mortgages and transactions between the plaintiff and his deceased wife already referred to, together with testimony relating to Mrs. Cronin's wardrobe before and after her marriage, as evidence that the notes were obtained from her by fraud, duress or compulsion on the part of the plaintiff. (*Adams* v. *Olin*, 140 N. Y. 150; *Mason* v. *Williams*, 53 Hun, 399; *Hughes* v. *Murtaugh*, 32 N. J. Eq. 288; *Nelson's Will*, 39 Minn. 204; *Rankin* v. *Rankin*, 61 Mo. 295; *Myers* v. *Haugar*, 98 Mo. 433; *Matter of Langford*, 108 Cal. 609; *Latham* v. *Udell*, 38 Mich. 238; *Tillaux* v. *Tillaux*, 115 Cal. 663; Penal Code, § 24; L. 1892, ch. 594, § 1; *Comcl. Bank* v. *City of Rochester*, 41 Barb. 341.)    The court erred in submitting to the jury the fact that the decedent, in May, 1890, conveyed an undivided one-half interest in the four parcels of land to the plaintiff, "as a cir-

cumstance in the case, as proof in the case, in connection with
all the other circumstances and proof," upon the issues
"whether or not the notes are valid obligations against the
estate of Mrs. Cronin," or whether there was any valid consid-
eration therefor, or whether there was any fraud or duress, so
"that the will, the free will, of Mrs. Cronin had been over-
come by her husband, in the act of executing and delivering
these papers," or "whether or not these are the genuine sig-
natures of Mrs. Cronin" to the notes, and in declining to
charge, as requested, that this conveyance, upon the evidence,
was valid. (*Thomas* v. *Gage,* 141 N. Y. 506; *Brown* v.
*Barse,* 3 App. Div. 257.)

*Charles E. Patterson* for respondent.　No appeal lies to
this court from the order of the Appellate Division, affirming
the order of the court below, in granting an extra allowance
of costs, or from the order affirming the order of the court
below refusing to allow the plaintiff the expense of proving
the genuineness of the notes in question. (Code Civ. Pro.
§ 190.)　No appeal lies to this court from the order and judg-
ment of the Appellate Division, affirming the order of the
Trial Term, denying the motion to set aside the verdict of the
jury, upon the ground that the verdict was contrary to the
evidence or contrary to law. (Code Civ. Pro. §§ 190, 191.)
This court cannot entertain the argument of the appellant that
the trial justice erred in submitting to the jury any specified
questions of fact.　Under the present provisions of the Con-
stitution, and under the statute, the jurisdiction of this court
is limited to a review of questions of law. (Code Civ. Pro.
§ 191, subd. 3; *Amherst College* v. *Ritch,* 151 N. Y. 282;
*People ex rel.* v. *Barker,* 152 N. Y. 417; *Fairchild* v. *Edson,*
154 N. Y. 199; *People ex rel.* v. *Barker,* 155 N. Y. 322;
*Ayres* v. *D., L. & W. R. R. Co.,* 158 N. Y. 254; *People ex
rel.* v. *R. R. Comrs.,* 158 N. Y. 421.)　The plaintiff utterly
failed to prove a right to recover upon either of the notes in
question, and, therefore, cannot be heard to allege error. (L.
1892, ch. 594; *Sears* v. *Shafer,* 6 N. Y. 268; *Nesbit* v.

*Lockman*, 34 N. Y. 167; *Brock* v. *Barnes*, 40 Barb. 521; *Cowee* v. *Cornell*, 75 N. Y. 91; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Green* v. *Roworth*, 113 N. Y. 462; *Barnard* v. *Gantz*, 140 N. Y. 249.) The evidence in the case was such that the jury may have found that Mrs. Cronin never signed or delivered the notes in question. (L. 1888, ch. 555.) The evidence in the case required a finding by the jury that the notes, if ever executed by Mrs. Cronin, were without consideration. (*Whitaker* v. *Whitaker*, 52 N. Y. 368.) The evidence in the case justified a finding by the jury that the signature of Mrs. Cronin to the notes, if genuine, was obtained by duress or fraud, and that question was properly submitted to the jury. (6 Am. & Eng. Ency. of Law, 57; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504.)

O'BRIEN, J. The plaintiff brought this action against the defendant, the executor of his deceased wife, to recover certain sums of money which it was alleged were due to him from the estate. One element of the cause of action was a claim of over two thousand dollars which it was alleged the plaintiff expended for the benefit of his wife's estate. But before the final submission of the case this claim was withdrawn and no further reference need be made to it.

The plaintiff also alleged that his wife at the time of her death was indebted to him upon two promissory notes, both payable on demand, one for $4,000 bearing date November 30th, 1892, and one for $5,000 bearing date July 5th, 1894. The controversy in its present form relates wholly to these two notes. The defendant in his answer denied the execution and delivery of these instruments and their existence as legal obligations against his testatrix, and alleged further that if she ever signed them at all, her signature was obtained by fraud, duress or compulsion, and that they were wholly without consideration.

These issues of fact were submitted to the jury and the verdict was in favor of the defendant. The judgment entered thereon has been unanimously affirmed at the Appellate Divis-

ion. The issues in the case were, therefore, issues of fact, and the unanimous affirmance below concludes this court with respect to the merits of the case. At the close of the trial the learned counsel for the plaintiff requested the court to rule as matter of law that there was no evidence of fraud or duress in procuring the notes. The court refused to make this ruling and plaintiff excepted. Subsequently in the course of the charge the learned trial judge submitted the questions of fraud and duress to the jury, and instructed them that it was their province to determine from the evidence whether these defenses had been established or not, and that if they found that the notes were infected with fraud or duress in their execution and delivery, the verdict must be for the defendant.

It is urged now in behalf of the plaintiff that there was in fact no proof in the case of either fraud or duress, and, consequently, that the learned trial judge committed an error in submitting these questions to the jury. The exception to this ruling and to the charge raises only the single question whether there was evidence in the case for the consideration of the jury on these two questions of fact. The learned trial judge held that there was such evidence, and his decision, as we have seen, has been unanimously affirmed at the Appellate Division. It is very plain that after a judgment in the case has been unanimously affirmed by the Appellate Division, exceptions of this character are not available in this court. The mandate of the Constitution and of the statute is, that "No unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court, shall be reviewed by the Court of Appeals." (Const. art. 6, § 9 ; Code Civil Procedure, § 191.) This provision was not aimed at the review of questions of fact in this court, since that has been provided for in another clause of the section which limits the jurisdiction to questions of law. It simply forbids this court from reviewing a single question of law, and that is whether there is any evidence supporting or tending to sustain a finding or a verdict on a question of fact. That is now and

always has been a question of law. When the trial judge was asked to rule that there was no evidence to submit to the jury, he was asked to determine a question of law, and that question retains its character as one of law in every stage of the litigation. But the Constitution and the statute provide that the question shall be deemed to be finally determined by the unanimous decision of the Appellate Division. It is not reviewable in this court whatever may be the form of the exception, whether to a ruling submitting the case to the jury, refusing a nonsuit, or to a charge that there is or is not evidence, as the case may be, to warrant a finding or verdict on the disputed questions of fact.

The exceptions in this case already referred to were directed to that question alone. It is obvious that this court cannot determine whether these exceptions were well taken or not, without an examination of all the evidence in the case in order to determine whether it was of such a character as required a submission to the jury, or warranted a verdict that the defense of fraud and duress were established. But that is the very question which the Constitution and the statute have forbidden us to review. The plain purpose of that provision of the Constitution was to make the judgment of the court below, when unanimous, final and conclusive on that question. This purpose would be evaded just as plainly were we to assume to review an exception to the charge or to a ruling at the trial directed to that point, as it would be if the question had been raised on a motion for a nonsuit. If the rule were otherwise it would follow that in every case where a party at the trial requested a ruling, or a charge, or excepted to the submission of a question of fact to the jury, we would have power to review the very question which the Constitution declares that we shall not review.

When this court is prohibited, as it has been, from reviewing a specified question of law, it must necessarily follow that any exception taken at the trial directed to that particular question alone, cannot be reviewed and is not available here.

(*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 220; *Marden* v. *Dorthy*, 160 N. Y. 39.)

The other ex·eption⸀ in the case have been examined, and as they do not disclose any sufficient reason for interference with the judgment, it must, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.