In the Matter of the Application of SEXTUS E. TAYLOR, Respondent, to Compel SUSAN J. TAYLOR, as Administratrix of the Estate of HOWARD E. TAYLOR, Deceased, Appellant, to Turn over Moneys Received.

Constitutional law — master and servant — railroads — negligence — recovery for death of servant in action brought under Federal statute regulating liability of common carriers engaged in interstate commerce — recovery obtained in such action must be distributed under Statute of Distribution of this state.

1. In adopting the Federal Constitution the state delegated to Congress the power to regulate interstate commerce, and it may enact regulations for the control of common carriers and their employees with reference to hours of labor and safety appliances, and give a right of action to employees suffering injury through the negligence of such carriers. But this power, so far as employees of common carriers engaged in interstate commerce are concerned, ends with the death of the employee.

2. Under the Federal statute (act of April 22, 1908, as amended April 5, 1910) relating to the liability of common carriers engaged in interstate commerce to their employees, it is provided that but one recovery can be had to recover damages for injury to an employee and this is the rule in this state.

3. On a recovery being had under the Federal statute, the distribution of the fund realized must be made under our Statute as

an unbequeathed asset of the decedent for the benefit of the husband and wife and next of kin, and not under the Federal statute, which in so far as it attempts to distribute the fund is invalid and unauthorized.

*Matter of Taylor*, 144 App. Div. 634, affirmed.

(Submitted October 5, 1911; decided January 16, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 5, 1911, which reversed an order of Special Term denying a motion to compel Susan J. Taylor, as administratrix, to pay over certain moneys, the proceeds of an action brought to recover for the negligent killing of her decedent.

The following questions were certified: "1. Are the damages recovered. in the action of Susan J. Taylor, as administratrix of the goods, chattels and credits which were of Howard E. Taylor, deceased, against the Erie Railroad Company under the circumstances shown in the record herein, distributable under section 1903 of the Code of Civil Procedure? 2. Are such damages recovered as aforesaid distributable under the provisions of the act of Congress of the United States, approved April 22, 1908, entitled 'An act relating to the liability of common carriers by railroads to their employees in certain cases,' as amended by an act of said Congress, approved April 5, 1910?"

The facts, so far as material, are stated in the opinion.

*Frank Lybolt* for appellant. The act of Congress of April 22, 1908, under which the action was brought, is constitutional. (*Zikos* v. *O. R. & N. Co.*, 179 Fed. Rep. 893; *Fulgram* v. *M. V. R. R. Co.*, 167 Fed. Rep. 660; *Dewberry* v. *S. Ry. Co.*, 175 Fed. Rep. 307; *Bottoms* v. *S. L. & E. F. R. Co.*, 179 Fed. Rep. 318; *Taylor* v. *S. Ry. Co.*, 178 Fed. Rep. 380; *Tropell* v. *D., L. & W. R. R. Co.*, 180 Fed. Rep. 871; *Watson* v. *S. L. & I. M., etc., Co.*, 169 Fed. Rep. 942; *Walsh* v. *N. Y., N. H. & H.*

*R. R. Co.*, 173 Fed. Rep. 494; *Winfree* v. *N. P. Ry. Co.*, 173 Fed. Rep. 65; *Smith* v. *D. & T. S. L. R. Co.*, 175 Fed. Rep. 506; *Whittaker* v. *I. C. R. R. Co.*, 176 Fed. Rep. 130; *Colasurdo* v. *C. R. R. of N. J.*, 180 Fed. Rep. 832; *Walton* v. *S. Ry. Co.*, 179 Fed. Rep. 175; *Johnson* v. *G. N. R. R. Co.*, 178 Fed. Rep. 643.) The state courts have jurisdiction to try cases brought under the Federal act. (*Claflin* v. *Houseman*, 93 U. S. 130.) By the passing of the act of April 22, 1908, Congress in no way interfered with the law of the state of New York relating to the distribution of personal property. The act in no way attempts to say how the personal property left by a decedent of this state shall be divided. Congress certainly had power to pass a statute which gave to the dependents of the deceased employee certain rights which that employee and such dependents would not have possessed except for the Federal statutes. The proceeds as the result of any action brought under such act are solely the creation of such act, and Congress certainly has the power to determine as to whom they shall be paid. (*Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Leonard* v. *C. S. N. Co.*, 84 N. Y. 53; *Matter of Meekin*, 164 N. Y. 145; *Matter of Degarmo*, 86 Hun, 390; *Munn* v. *Illinois*, 94 U. S. 113.)

*Edward Frank Glover* for respondent. A property right capable of assignment belonging to this father, an inhabitant of the state of New York, is destroyed if this act of Congress of April 22, 1908, is held to be constitutional. (*Quinn* v. *Moore*, 15 N. Y. 432; *Thomas* v. *U. & B. R. R. R. Co.*, 98 N. Y. 649; *Keenan* v. *B. C. R. R. Co.*, 145 N. Y. 348; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 149.) State courts are free to decline jurisdiction. (*Matter of Stephens*, 4 Gray, 559; *Ely* v. *Peck*, 7 Conn. 239.) An act of Congress remotely affecting commerce between the states is not warranted by the Constitution, if that result is only to be secured by invad-

ing the settled limits of the sovereignty of the states with respect to their own internal police, and no part of the judicial power of the United States, when it is to be exercised in the form of an original plenary action, such as the act in question purports to give, can be vested in any court not created by the United States. (*Henning-ton* v. *Georgia,* 163 U. S. 299; *N. Y., N. H. & H. R. R. Co.* v. *New York,* 165 U. S. 628; *C., M. & S. P. Ry. Co.* v. *Solan,* 169 U. S. 133; *M., K. & T. Ry. Co.* v. *Haber,* 169 U. S. 613; *Slaughter House Cases,* 16 Wall. [U. S.] 36; *Gibbons* v. *Ogden,* 9 Wheat. [U. S.] 211; *Lottery Cases,* 188 U. S. 321; *Employers' Liability Cases,* 207 U. S. 463; *Hoxie* v. *N. Y., N. H. & H. R. R. Co.,* 82 Conn. 364.) This is not a case where comity should be exercised by our courts. (*Wooden* v. *W. N. Y. & P. R. R. Co.,* 126 N. Y. 16.)

HAIGHT, J. Howard E. Taylor was a locomotive fire-man employed by the Erie Railroad Company and was engaged in taking a trip from Port Jervis, in this state, to Jersey City, in the state of New Jersey, when an accident occurred in this state through the wrongful act, negligence or default of the Erie Railroad Company which resulted in his death. He left him surviving a widow and a father. He had no children or other next of kin. The widow, Susan J. Taylor, was appointed administratrix by the Surrogate's Court of Orange county, where they resided, and, as such administratrix, brought an action in the Supreme Court of this state against the railroad company to recover damages for the death of her husband. The defendant in that action made a written offer of judgment for the sum of five thousand dollars. The plaintiff applied to the Surrogate's Court for its approval of the offer of compromise, and such approval was granted and judgment was entered against the defendant for that amount, which sum was paid to her by the defendant company. The decedent's father there-

upon moved at Special Term in the Supreme Court for an order directing the plaintiff in that action to pay over to him one-half of the net proceeds of the judgment, in accordance with our Statute of Distribution. This motion was denied. The decedent's father appealed from the order to the Appellate Division, which court reversed the order of the Special Term and granted the motion. The question now presented to this court is as to whether the distribution of the fund should be made under the Federal statute or under the provisions of our Code of Civil Procedure. For many years the statute of this state has given a right of action to the executors or administrators of a decedent who has left him or her surviving a husband, wife or next of kin, to recover damages for the benefit of such husband, wife or next of kin for a wrongful act, neglect or default of any person or corporation by which the decedent's death was caused. Such damages, when recovered, were exclusively for the benefit of the decedent's husband or wife and next of kin, and must be distributed as if they were unbequeathed assets left in the hands of the executor and administrator after payment of all debts and expenses of administration. (Code of Civil Procedure, sections 1902, 1903.) Under the provisions of our Constitution of 1894, article 1, section 18, it is provided that "the right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation." It consequently follows that under the provisions of our statute the widow of the decedent was entitled to one-half of the recovery and the father the other half, he being the only next of kin. Under the act of Congress relating to the liability of common carriers by railroads to their employees, approved April 22, 1908, as amended April 5, 1910, it was provided "That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the sur-

viving widow or husband and children of such employee, and if none, then of such employee's parents, and if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury." Under the provisions of this statute the widow of the decedent would take the whole of the recovery and the father nothing. We thus have presented a conflict between the Federal and the State statutes as to the distribution that should be made of the fund, and the question is as to which shall prevail.

In adopting the Federal Constitution the state delegated to Congress the power to regulate interstate commerce, and it may be conceded that with that power it may enact regulations for the control of common carriers and their employees with reference to hours of labor and safety appliances, and give a right of action to employees suffering injury through the negligence of such carriers. (*Employers' Liability Cases*, 207 U. S. 463.) But the power to regulate interstate commerce must end somewhere, and, so far as employees of common carriers engaged in interstate commerce are concerned, it appears to us that it must end with the death of the employee. When that event occurs all of the statutes with reference to safety appliances, hours of labor or rights of action for injuries received, become of no effect, and his estate, whatever it may be, passes to legatees and devisees, or to his widow, his heirs at law, and next of kin.

In this case the decedent died intestate. As we have seen, he left him surviving a widow and a father his only next of kin. Neither of these persons were engaged in interstate commerce or subject to any of the provisions of the statute enacted with reference to its regulation. They are residents of this state, subject to its laws and jurisdiction and possessing the rights given by its Constitution and statutes. As widow and next of kin of the decedent they are deemed to have sustained pecuniary loss by his death, and such death being caused through

the negligence of the Erie Railroad Company corporation, the administrator of the decedent is given the right of action in their behalf to recover the damages which they have sustained.  This, it appears to us, is a right of property which Congress had no power to take from them.  Our statute makes it the same as an unbeqeathed asset of the estate of the decedent, which is recoverable by the administrator exclusively for their benefit.  If Congress can go beyond the death of the employee and distribute the funds recovered for causing such death, we see no reason why it may not also nullify our statute providing for the descent of real estate, and also our statute providing for the distribution of his personal estate, upon the theory that his real and personal estate was acquired and paid for out of his earnings as an employee of a transportation company engaged in interstate commerce.  To our minds the states never intended or contemplated the delegation of such power to Congress by the provisions of the Constitution heretofore referred to.  We consequently are of the opinion that the act of Congress, in so far as it attempts to distribute the funds, is invalid and unauthorized.  Whether the act should be limited in its application to territories and states in which no right of action is given to the widow and next of kin of persons whose death is caused through the fault of another, is not now before us, and is not considered.

Our chief judge appears to entertain the view that our own statute remains in force and that the next of kin may still maintain another action to recover the loss which has been sustained.  We are unable to concur with his view upon this question.  The right of action is not given to the widow and next of kin.  It is given to the administrator of the decedent for their benefit.  The legislature clearly contemplated that' but one action should be brought for the benefit of all the persons interested, and that that action should be by the administra-

tor. In this case the action was prosecuted by the administratrix appointed by the Surrogate's Court in this state. The complaint set forth a good cause of action under our statute. The fact that it alleged that it was brought under the act of Congress known as the Employers' Liability Act may be waived by the parties, and does not affect the question we have under consideration. True, an offer of compromise was made by the defendant, but this was submitted to the court and its acceptance approved and judgment was entered thereon. If an action can now be maintained for the benefit of the father, it must be maintained by the administratrix, and we apprehend the action would not progress far before it would be met by the plea of a former judgment in bar. Neither our own statute nor the Federal statute ever contemplated more than one action. The Federal statute expressly provides "that there shall be only one recovery for the same injury," and it, like our own statute, gives the right of action to the executor or administrator of the decedent for the benefit of those which it specifies, the purpose being in both statutes to allow only one recovery for the same injury.

For a more elaborate discussion of the main question in the case, we refer to the learned opinion of CARR, J., in the Appellate Division.

We think that the order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J. (dissenting). I concur in the reversal of the order appealed from, but solely on the ground that the respondent has no interest in the fund in dispute. I am not prepared to admit the validity of the act of Congress so far as it authorizes a recovery by the personal representatives of an employee engaged in interstate commerce for damages for his death occasioned by the fault of the employer, the recovery to be apportioned among certain relatives of the deceased or next of kin dependent

upon him. I do not think that proposition is involved in the decision of the Supreme Court of the United States in the *Employers' Liability Cases* (207 U. S. 463). Liability to the employee himself for injuries causing his death and liability to his next of kin are very different things, and the constitutional power of Congress to impose the first does not necessarily import power to impose the second. The action in favor of the next of kin is not a revival of the action in favor of the deceased, but an independent cause of action, though, if it were to be considered as a continuance of what would have been the deceased's cause of action for his injuries, had they not proved fatal, I know of no principle on which Congress can regulate the disposition of the estate of a deceased, whether he happens to be engaged in interstate commerce or not. That is solely a matter to be determined by the states. Treated as a cause of action, independent of the rights of the deceased, the next of kin are not engaged in interstate commerce, and I do not see where the power of Congress to confer a right of action in their favor is to be found. True, it may be argued that this provision in favor of his dependent relatives will tend to render the employee more alert and careful in the discharge of his duties and also exempt him from saving money out of his wages to support those dependent on him in case of accident. The argument is far fetched and would offer justification for Congress interfering in the purely domestic affairs of state in a thousand other instances so far as they relate to an employee in interstate commerce. The real objection to the statute, however, is based on the assumption that it purports to abrogate the state statute on the subject granting a right of action guaranteed by the Constitution of the state and beyond legislative power to limit or deny. But the question does not arise in this case. The action was plainly brought for liability created by the act of Congress. The only one besides the plaintiff interested in the validity of the right of action given by

that statute was the defendant, and it chose to pay the claim. So, also, it may be that the court, following the decision in *Hoxie* v. *New York, New Haven & Hartford Railroad Company* (82 Conn. 352) might have declined jurisdiction of the suit, but it did not. If the act of Congress gives an additional cause of action or the act of Congress is invalid, in either case the right of the respondent, through the administrator, to bring an action on our own statute is not impaired. In reality the only questions with which the respondent is concerned are whether the provision in the act of Congress "there shall be only one recovery for the same injury" is applicable to causes of action under the state statute, and if so, whether it was within the constitutional power of Congress to abrogate that right of action. This can only be determined in an action to enforce the state right of action. The employer by settling the administrator's suit has not discharged or satisfied that right if it exists.

HISCOCK, J. (dissenting). This controversy is precipitated by a conflict between the provisions of the Federal Employers' Liability Act passed April 22, 1908, and the statutes of this state, sections 1902, 1903, Code of Civil Procedure, relative to the distribution of the damages recovered in case of death of an employee caused by the negligence of an employer. The petitioner and respondent, who is the father of the killed employee, is attempting to compel the latter's administratrix and wife to distribute the damages collected under the Federal statute in accordance with the provisions of the state statute. The difference between the two in this respect is that under the circumstances of this case all of the damages under the provisions of the Federal statute will go to the wife, whereas under the state statute as formerly written one half will go to the father and petitioner.

The pertinent facts presenting the controversy are as follows:

While the intestate was employed as a locomotive fireman in running a train on the Erie railroad which was engaged in moving interstate commerce between New York and New Jersey, he was killed as the result of an accident caused by the alleged negligence of the railroad company. The accident occurred in New York state and at the time of his death Taylor was a resident of that state. He left him surviving his widow, no children and a father. The latter attempted to secure administration of his estate, but in the end the letters were issued to the decedent's wife, the present appellant, by the surrogate of Orange county. As such administratrix she instituted an action against the Erie Railroad Company to recover damages caused by her husband's death and which action plainly and concededly was brought under the Federal statute already referred to. Without interposing any answer or demurrer, the defendant offered to allow judgment against it for the sum of five thousand dollars, and application by the administratrix having been made to the Surrogate's Court for leave to accept said sum in settlement of the cause of action, such leave was granted, and thereafter judgment was entered in the action. Said application to the Surrogate's Court distinctly showed that the action whereof settlement was sought was brought under the Federal statute, and the judgment in the action recited the same fact and adjudged that said administratrix recover the sum of $5,000 damages "to be distributed according to the terms and conditions and to the persons as provided in said act of Congress of the United States, approved April 22, 1908," etc.

The intestate was indisputably engaged in the movement of interstate commerce at the time of his death, and, therefore, within the terms of the statute giving a cause of action to the representatives of such an employee whose death had been caused by negligence of his employer. Assuming for the moment that this petitioner would be helped in his claim to moneys already collected under

10

that statute, if it should now be held to be unconstitutional, in my opinion we must hold that that question is not open.    Since the decision of the *Employers' Liability Cases* (207 U. S. 463), involving the constitutionality of the original Employers' Liability Act of June 11, 1906, I think we must concede the power of Congress to legislate concerning the liability of common carriers and employers engaged in interstate commerce.    It is true that the cases in question might have been decided without passing on this question.    Nevertheless, the court did so deliberately and fully enter upon its discussion that we must believe that it then committed itself for the future to the view expressed by a majority of its members that Congress has power to legislate upon this subject.    In addition, the principles approved in that discussion are necessarily involved in the later decision of the same court upholding the constitutionality of a far-reaching statute passed by Congress requiring the use of safety appliances on " all trains, locomotives, tenders, cars and similar vehicles used on any railroad engaged in interstate commerce," etc.    (*Southern Ry. Co.* v. *U. S.*, 222 U. S. 20.)

But it is urged that although Congress may have the power to give a right of action to the employee himself, it has no power to regulate the disposition of the damages recoverable in such an action as this, whether the cause of action be considered as a continuance of what would have been the decedent's cause of action for his injuries had they not proved fatal, or as a cause of action independent of the rights of the deceased.    On the first assumption it is argued that Congress could not regulate the disposition of the estate of the deceased even though he had been engaged in interstate commerce, and on the second assumption it is urged that the next of kin are not engaged in interstate commerce, and no power is to be found in Congress to confer a right of action in their favor. It seems to me that this argument of the lack of power

cannot be maintained; that it only regards some incidental features of the legislation before us and overlooks the substantial nature, basis and object thereof.

It is doubtless true that Congress would not have the power to regulate the disposition of the estate of a deceased simply because he had been engaged in interstate commerce. It is also true that the personal representatives of the deceased were not engaged in interstate commerce and, therefore, ordinarily subject to the power of Congress. But the defendant railroad company which was guilty of wrongdoing and the employee who suffered injuries as the result of such wrongdoing were engaged in, and the wrongdoing occurred in the prosecution of interstate commerce, and those very essential facts must be given their proper place and importance in determining whether Congress could properly pass the act which it did.

Congress has power to regulate interstate commerce. As an incident to and for the purpose of doing this it must be regarded as settled that it may regulate the relation of master and servant. It may, amongst other things, limit hours of labor and require various safety appliances. For the sake of enforcing these latter regulations it may prescribe criminal and civil penalties as a punishment for disobedience. It seems to be regarded by my associates as settled that as a further means of enforcing proper conduct by the employer it may impose on him a liability in damages in favor of the employee. What difference in principle is there then between a statute which in aid of the proper regulation and movement of interstate commerce makes the employer guilty of negligent or wrongful conduct liable in damages to the injured employee, and one which makes him liable in an action by the representatives of the employee where the injuries to the latter have produced death? The important consideration as I understand it is that the employer shall be held up to an observance of a proper and safe attitude toward his employee whereby better conditions of inter-

state commerce may be secured and it seems to me, assuming as we must that legislation conferring a right of action on the employee would be proper as tending to secure this result, that it would be arbitrary rather than logical to hold that an act conferring a similar right of action on the personal representatives of the employee in case he was killed could not possibly serve any such purpose, and, therefore, was unconstitutional. It would on the contrary, seem to me to be a defect in legislation if it provided simply for a case of injury to an employee without death and failed to provide for one which caused death.

Assume that Congress had passed a law requiring the use of certain spark arresters on engines hauling interstate commerce and making the railroad liable for al damages from fire in case of failure to use the same, would it be a defense to an action brought under the statute by one whose property had been burned that he was not engaged in interstate commerce and that, therefore, the act was unconstitutional?

Of course, if Congress had the power to create an independent cause of action by the representatives of the deceased employee for damages sustained by the next of kin, it still more clearly had the right to enact that the employee's cause of action should survive in case of death and be enforceable by his representatives.

The statute at the time of injury and death of appellant's intestate provided for the maintenance of an action by his representatives on both theories, and the complaint filed by her was so general as to be adjustable to either, and, therefore, on this application she can assert the validity of the statute on either theory, for the two provisions are entirely separable and distinct.

But while Congress had the power to give to the representatives of the deceased employee a cause of action as it did, such cause of action on the other hand was absolutely dependent on said statute and did not exist without it. This is equally so as to an independ-

ent cause of action in favor of the representatives for damages sustained by reason of the death of the employee and as to the right of action preserved to them by survival in the sense contemplated by the statute. This being so, it must follow that the same power which conferred a favor and privilege had the right also to prescribe the conditions under which the same should be enjoyed and to dictate how and for whose benefit the damages which the representatives recovered under the statute should be distributed. That principle is so familiar as not to require elaboration. It is very different from the general proposition which is discussed by my associates that Congress ought not to have the power to prescribe how the estate of a deceased person should be distributed merely because he had been engaged in interstate commerce or because it consisted in part of wages which he had earned while engaged in such business. Those observations of course are self-evident where the estate and the wages earned are not the proceeds of some purely statutory right, but where a legislative body has the power to create a cause of action I take it that it must have the power within certain limits not transgressed here to dictate the persons for whose benefit that cause of action shall be enforced.

It is argued in the opinion of the learned Appellate Division that it could not have been the intention of Congress to supplant the laws of such states as already afforded a remedy as adequate as that which it granted and that, therefore, the act in question should be construed as one granting a new remedy under certain circumstances where none or a less adequate one existed under the state laws.

The trouble with this argument is that it is irreconcilably opposed to the plain meaning of the statute. Congress having the power to do so has adopted a statute which in its terms is so complete and comprehensive as not to permit of any such limited construction and appli-

cation as is suggested. To give such an interpretation would be to engraft on the statute a broad and unauthorized amendment.

The adoption of the conclusions which I have expressed concerning the power of Congress to make the enactments which have been considered does not indicate any failure to appreciate the argument of inconvenience which is made. One can easily see that it may and probably will be productive of much embarrassment, uncertainty and confusion if Congress shall attempt to legislate concerning a variety of subjects similar to the present one which very well might be left to state control and legislation. But this thought was fully considered by Mr. Justice WHITE in his opinion in the *Employers' Liability* cases already referred to and dismissed with the unanswerable observation in substance that this was a consideration which very well might be addressed to Congress before enactment of such legislation, but which could not be urged as a sufficient reason for not enforcing it after validly enacted.

While I do not regard it as material at this time, I doubt if the provision in the amendment to the Federal statute approved April 5, 1910, that "in such case there shall be only one recovery for the same injury," has any such force to bar actions under the state statute as Judge HAIGHT seems to give to it. The original statute in its first section had provided that any offending common carrier should be liable in damages to any person suffering injury while employed by such carrier, and in case of his death to his personal representatives. Then by the amendment at the date mentioned it was provided that the right of action so given to an employee should survive to his personal representatives for the benefit of certain people, and then, as already stated, that there shall be only one recovery for the same injury. In my opinion this simply refers to, and prohibits the possibility of, double recoveries under the Federal statute and nothing else.

I now come to the second answer which may be made to the petitioner's application in this matter and which seems to be conclusive. Even if it should be assumed that the act of Congress is unconstitutional and invalid, he has no interest in and cannot take advantage of that fact on this application. The appellant as plaintiff brought her action fairly and distinctly under the Federal statute for the cause of action thereby given. If the statute was unconstitutional it was the privilege and duty of the defendant to defend the action and raise that defense. It did not do this, but made an offer of judgment for the cause there alleged, and by and with the authority of the Surrogate's Court the administratrix accepted that offer and now has the money on hand. There was no general settlement of damages which the administratrix might have because of the death of her intestate, and which might be regarded as distributable under the state statute if the Federal one was invalid, but simply and solely an offer of judgment as stated. If it turn out that the Federal statute is unconstitutional, the defendant possibly may be in peril from another action under the state statute. That question I do not regard it as necessary to determine. But one thing is clear. This petitioner cannot insist that moneys which have been collected by the administratrix under the Federal statute as a constitutional and valid enactment shall now be distributed by her under the state statute on the ground that the Federal legislation was unconstitutional and invalid.

Practically the same answer lies to the final contention of the petitioner, that the Federal statute in various respects so runs counter to the policy of our laws, reference being made not only to the distribution of damages under it, but also to the rules adopted concerning the defenses of contributory negligence and assumption of risk, that our courts on principles of comity should refuse to aid a suitor seeking to enforce it.

There can be no doubt that the state courts have power to entertain an action for the enforcement of this statute. The statute itself enacted and assumed that they should and would have such jurisdiction, and the general rule is that although exclusive jurisdiction for the enforcement of statutes of the United States may be given to the Federal courts, yet where it is not given either expressly or by necessary implication state courts having competent jurisdiction in other respects may be resorted to. (*Claflin v. Houseman*, 93 U. S. 130.)

Assuming, however, simply for the sake of argument and without at all so deciding, that our courts although having power to entertain jurisdiction, might have declined so to do on general grounds of comity, it seems to me that the petitioner, if on any possible theory he earlier might have had standing for that purpose, is now in no position to urge that right and possibility as a ground for his application. If the proper reasons existed for refusing to entertain jurisdiction, our courts might have done so either on their own motion or on the demand of the defendant by way of answer to the complaint. They did neither, but received the plaintiff within their jurisdiction and assisted her to collect her damages under the Federal statute, and the money is on hand for distribution thereunder. Therefore, it is not a question whether they will entertain jurisdiction. It is a fact that they have entertained it, and opportunity for any argument on this point has passed beyond recall.

For these reasons the order appealed from must be reversed and that of the Special Term affirmed, with costs.

WERNER, WILLARD BARTLETT and CHASE, JJ., concur with HAIGHT, J.; CULLEN, Ch. J., and HISCOCK, J., read dissenting opinions; VANN., J., concurs with CULLEN, Ch. J.

Order affirmed.