MARY A. TYNDALL, as Administratrix of the Estate of JAMES J. TYNDALL, Deceased, Respondent, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Appeal — unanimous affirmance by Appellate Division — Court of Appeals will presume that evidence sustains verdict — Federal rights.

Where there has been a unanimous affirmance by the Appellate Division, this court must presume that the evidence sustains the verdict, even though a Federal right is involved.

*Tyndall* v. *N. Y. C. & H. R. R. R. Co.*, 162 App. Div. 920, affirmed.

(Argued December 17, 1914; decided January 5, 1915.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 3, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

*William L. Visscher* for appellant.

*John T. Norton* for respondent.

*Per Curiam.* The plaintiff as administratrix of the estate of her husband brings this action for the damages suffered through his death. He was an engineer employed by the defendant, the New York Central and Hudson River Railroad Company, and was killed while discharging his duties. The complaint alleges that he was " operating and running a steam locomotive drawing a passenger train * * * north from the city of New York to the city of Albany." The answer admits that the defendant owned and operated a railroad between those points. It gives no warning of any claim that the engineer was employed at the time of his death in interstate commerce. The claim, however, is now made that on the cross-examination of one of the plaintiff's witnesses, the defendant brought out the fact that some of the cars were in course of transportation to points beyond this state. At the close of the plaintiff's case the defendant moved to dismiss the complaint on the ground that the engineer was engaged in interstate commerce; that the plaintiff's remedy was under the Federal Employers' Liability Act (35 Stat. 65, c. 149; 36 id. 291, c. 143); and that because the complaint did not allege the existence of those interstate relations which the defendant itself had proved, the action was not maintainable. The trial judge held the view that since the federal statute gave a remedy to the same person and for the benefit of the same relatives as the corresponding statute of this state, the defendant was not in any event entitled to a dismissal of the complaint, and that the pleadings might be deemed to be amended to conform to the proof. The

defendant then proceeded with its evidence. At the close of the whole case, it renewed its motion to dismiss, and the motion was denied. There was no request by the defendant that its answer be amended so as to plead as a defense the character of the employment. There was no request that the jury be directed to apportion the damages among the wife and children, or that any other rule of the federal statute be applied. If such a request had been made, it would, not improbably, have been granted. The defendant took its stand upon the position that the action was not maintainable at all, and that the complaint must be dismissed. It takes the same stand in this court.

The unanimous affirmance of the judgment by the Appellate Division leaves us without jurisdiction to determine the question that is thus pressed upon us for decision. In declining a jurisdiction denied to us by law, we do not, of course, suggest that if the question were before us, the claim of error would be sustained. The constitution and the statutes require us to presume where there has been a unanimous affirmance below, that the evidence sustains the verdict. (Const. art. 6, sec. 9; Code Civ. Pro. sec. 191, subd. 4; *Cronin* v. *Lord*, 161 N. Y. 90, 95; *Kleiner* v. *Third Ave. R. R. Co.*, 162 N. Y. 193.) If it be necessary, in order to uphold the verdict, that the plaintiff's husband be found to have been engaged in intrastate commerce exclusively, we must presume that a finding to that effect has support in the proofs. It can make no difference that the defendant insists upon a federal right. The state of New York cannot take away a federal right, but it can take away the right of appeal to this court; and if it concedes the privilege of an appeal, may define the rulings that shall be reviewable. (*People ex rel. Grissler* v. *Fowler*, 55 N. Y. 675; *Croveno* v. *Atl. Ave. R. R. Co.*, 150 N. Y. 225, 228; *Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219, 224.) We can exercise no powers but those which the constitution and the statutes give us. " The jurisdiction of this court is designated and created by law

and it has no other." (*Rich* v. *Manhattan Ry. Co.*, 150 N. Y. 542, 544.)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.