ROGERS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. January 22, 1916.)

1. COMMERCE ☞27—INTERSTATE COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT.

An action for damages for the death of a section hand, killed on a track used for interstate commerce, is governed by the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]), and cannot be maintained under the state law.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ☞27.]

2. APPEAL AND ERROR ☞173—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where defendant did not raise the point in the trial court that its liability for the death of a servant was governed by the federal Employers' Liability Act, the action being brought under the state laws, it cannot raise the question on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. ☞173.]

3. JUDGMENT ☞251—PLEADING—FEDERAL EMPLOYERS' LIABILITY ACT.

In an action for the death of a section hand, who worked on a railroad track used for interstate commerce, where the complaint did not aver that the action was governed by the federal Employers' Liability Act, a trial amendment pleading the act was refused on the ground that it was unnecessary. *Held* that, where defendant conceded that the track was an agency of interstate commerce, but the concession was to be considered only as if a witness had so testified over objection, recovery cannot be had under the federal act; it not being pleaded.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. ☞251.]

Appeal from Trial Term, Onondaga County.

Action by Sadie M. Rogers, as administratrix of the goods, chattels, and credits of Frank B. Rogers, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying a new trial on the minutes, defendant appeals. Reversed and remanded.

See, also, 152 App. Div. 950, 137 N. Y. Supp. 1140.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

A. H. Cowie, of Syracuse, for appellant.
William F. Quinn, of Syracuse, for respondent.

KRUSE, P. J. The plaintiff seeks to recover damages for the death of her husband, a workman who was employed by the defendant as a section hand. His death occurred September 12, 1910. On October 25, 1910, a notice of claim was served by plaintiff upon the defendant under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204). On November 1, 1910, the action was commenced. The original complaint stated facts to bring the action under the Compulsory Compensation Law (Laws 1910, c. 674). On December 23, 1910, the defendant answered. On March 24, 1911, the Compulsory

Compensation Law was declared unconstitutional by the Court of Appeals. Ives v. South Buffalo Ry. Co., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156. On January 12, 1912, motion papers were served by the plaintiff to amend her complaint by setting up additional facts to make the Employers' Liability Act applicable. January 27, 1912, permission to so amend the complaint was granted. The defendant appealed from that order, contending that, if such amendment was allowed, it would permit the plaintiff to set up a new cause of action, which was barred under the Employers' Liability Act, requiring the action to be commenced within one year from the death. But the order was affirmed by this court on October 2, 1912. 152 App. Div. 950, 137 N. Y. Supp. 1140. A year later, October, 1913, the action was brought to trial, and the jury disagreed. In April, 1915, the case came on for trial a second time. In the meantime the question had been settled that the federal Employers' Liability Act was paramount and exclusive. 35 Stat. 65, c. 149, as amended by 36 Stat. 291, c. 143 (U. S. Comp. Stat. Supp. 1911, pp. 1322, 1324); Mondou v. N. Y., N. H. & H. R. R. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Taylor v. Taylor, 232 U. S. 363, 34 Sup. Ct. 350, 58 L. Ed. 638, reversing sub nom. Matter of Taylor, 204 N. Y. 135, 97 N. E. 502, Ann. Cas. 1913D, 276.

At the opening of this trial plaintiff's counsel asked to amend the complaint by setting forth the fact that the plaintiff's intestate was injured while engaged in interstate commerce. The defendant objected, and the application was denied; the trial judge saying that he did not see how it makes any difference whether it is amended or not. The defendant later conceded that the tracks at the crossing and place where the intestate met his death were regularly used daily for the hauling of freight and express and passengers from a point without the state to points east and west of the state, and that freight, passengers, and express were hauled from one state to another over these tracks. However, that concession was made with the distinct statement that it was not to be regarded as in any way waiving the defendant's objection to the evidence as incompetent and inadmissible under the pleadings and immaterial in the case; counsel for the defendant explicitly stating that the concession was only to be regarded the same as though the plaintiff had called a witness and asked these questions, and the defendant had taken objections and exceptions, to which statement the trial judge assented.

[1] If the facts are as stated, the action cannot be maintained under the state law, because they show that the deceased workman at the time of his injuries and death was engaged in interstate commerce and was so employed by the defendant. In such a case the federal act is paramount and exclusive, and the question of the defendant's liability must be determined by that act.

[2, 3] It often happens that it is to the advantage of the defendant to have its liability determined under the state law rather than the federal act, or that the question is not raised by the pleadings or otherwise on the trial. In such a case it may well be that a defendant will

not be heard to raise the question for the first time in the appellate court. Tyndall v. N. Y. C. & H. R. R. R. Co., 162 App. Div. 920, 146 N. Y. Supp. 1115; Id., 213 N. Y. 691, 107 N. E. 577. A witness may incidentally testify to something which is not material to the issue and the testimony left undisputed, when if the testimony had been pertinent to the issue being tried it would have been disputed. Under such circumstances it would manifestly be unjust to give full effect to the testimony, regardless of the issues made by the pleadings and the theory upon which the case was tried; but where, as here, the plaintiff relies upon the federal statute, but fails to allege facts to bring herself within its provisions, and objection is made and the question properly raised, I think she is not entitled to give proof of such unpleaded facts. The employment of the workman by the defendant in interstate commerce, and the fact of his being so engaged under such employment at the time of his injuries, are material to a cause of action under the federal act, and may be put in issue by the answer.

I am not aware that the precise question has been decided in this state by the appellate courts. There are expressions in some of the opinions in other jurisdictions which perhaps tend to support the contrary conclusion. I shall not collate the cases or analyze the decisions. I think the rule laid down in Thornton's Federal Employers' Liability Act (3d Ed.) § 201, is supported by reason and authority. It is there said:

"To recover under the statute it must be shown by the pleading that the employé plaintiff was at the time of his injury engaged in interstate commerce, and also that the defendant was a common carrier by railroad at the same time, in the transaction wherein the employé was injured, likewise engaged in interstate commerce."

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.