STEEL STORAGE AND ELEVATOR CONSTRUCTION COMPANY, Respondent, *v.* F. W. STOCK et al., Defendants, and ALEX STOCK, Appellant.

**Builder's contract — substantial performance — quantum meruit — trial — requests to charge.**

1. The parties entered into negotiations for a contract for the construction of a steel grain tank. A written contract was prepared but was not entered into owing to the inability of the parties to agree on terms of payment. Work was commenced, however, on the job and plaintiff claims that it was fully completed. Final payment was refused because of defendant's claim that the work was not done according to contract specifications. Plaintiff contends that this is an action on *quantum meruit*, that it is entitled to recover the actual value of its work and materials, but it appears that its bargain was to construct the plant according to the plans and specifications which were to form part of the written contract. Plaintiff relied on the price specified in the unexecuted contract as being substantially the fair value of what the plans and specifications called for. The failure to agree on a price and terms of payment did not excuse plaintiff from proving performance. Hence, plaintiff was entitled to recover the fair value of its work and materials only as it built them into the elevator plant which it agreed to construct.

2. The capacity of the elevator which was to be built was to be 4,000 bushels an hour. The evidence tended to show that its capacity was not more than 3,300 bushels an hour. The credibility of this evidence was for the jury, but it squarely presented the question of non-performance of an essential feature of the contract. The judge charged the jury generally that "a substantial performance of the work is required." The plaintiff's counsel requested the jury  be specifically instructed that if they found the capacity of the elevator was not more than 3,300 bushels per hour the plaintiff could not recover because he had not substantially performed his contract, which request was refused. This instruction should have been given and failure to do so was substantial error.

*Steel Storage & Elevator Construction Co.* v. *Stock*, 172 App. Div. 936, reversed.

(Argued December 11, 1918; decided January 7, 1919.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 26, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*August Becker* and *Alonzo G. Hinkley* for appellant. The trial court erred in refusing to charge the jury that the plaintiff had failed to perform the Hillsdale contract. And again it erred in refusing to charge the jury that if they found that the plaintiff had not fully performed the contract according to the plans and specifications, that then the plaintiff could not recover. (*Easthampton L. & C. Co.* v. *Worthington,* 168 N. Y. 407; *Sherwood* v. *Houtman,* 73 Hun, 544; *Woodward* v. *Fuller,* 80 N. Y. 312; *Fuchs* v. *Saladino,* 133 App. Div. 710; *Spence* v. *Ham,* 163 N. Y. 220; *Flannery* v. *Sahagian,* 83 Hun, 109.) The plaintiff did not substantially perform the Hillsdale contract as a matter of law. The trial court erred in submitting the question to the jury. (*Van Orden* v. *MacRae,* 121 App. Div. 143; *Gompert* v. *Healy,* 149 App. Div. 198; *Lashinsky* v. *Silverman,* 48 Misc. Rep. 501; *Ketchum* v. *Harrington,* 45 N. Y. S. R. 59; *Rochkind* v. *Jacobson,* 126 App. Div. 357; *Mitchell* v. *Williams,* 80 App. Div. 527; *Fuchs* v. *Saladino,* 133 App. Div. 710; *Hollister* v. *Mott,* 132 N. Y. 18; *D'Amato* v. *Gentile,* 54 App. Div. 625; *Nesbit* v. *Braker,* 104 App. Div. 393; *Flaherty* v. *Miner,* 123 N. Y. 382; *North American Wall Paper Co.* v. *Jackson C. Co.,* 153 N. Y. Supp. 204; *Northwestern Theatrical Assn.* v. *Hannigan,* 218 Fed. Rep. 359.) The plaintiff cannot recover as for a substantial performance for the reason that it failed to prove the cost of remedying the defects and omissions in the Hillsdale elevator. The trial court erred in refusing to so charge the jury. (*Spence* v. *Ham,* 163 N. Y. 220;

*Carpenter Co.* v. *Ellsworth,* 151 App. Div. 532; *Nesbit* v. *Braker,* 104 App. Div. 393; *St. George Cont. Co.* v. *City of New York,* 143 App. Div. 554; *Northwestern Theatrical Assn.* v. *Hannigan,* 218 Fed. Rep. 359; *Norton* v. *U. S. Wood Preserving Co.,* 89 App. Div. 237.) The plaintiff having failed to perform its contract either fully or substantially cannot recover for what it has done upon the theory of *quantum meruit.* (*Gersmann* v. *Walpole,* 79 Misc. Rep. 49; *Smith* v. *Brady,* 17 N. Y. 173; *Vedder* v. *Lennon,* 70 App. Div. 252; *Tinley* v. *Van Wert,* 119 App. Div. 738; *Morrell* v. *Irving F. Ins. Co.,* 33 N. Y. 429.)

*A. G. Bartholomew* for respondent. The trial court charged correctly as to the elevating capacity and water proof bins of the Hillsdale plant. (*Delafield* v. *Westfield,* 41 App. Div. 24; 169 N. Y. 582.)

POUND, J. This action was brought to recover a balance of $13,000 for work, labor and services performed and goods, wares and materials furnished in the construction of a grain elevator plant at Hillsdale, Mich. Defendant Alex. Stock alone was served. The answer sets up that plaintiff entered into a contract to erect an elevator plant for defendant in accordance with certain plans and specifications for an agreed price and that plaintiff failed to carry out the terms and conditions of the agreement. The parties had entered into negotiations for a contract for the construction of the Hillsdale plant for the sum of $24,200, and also for a contract for the construction of a steel grain tank at Litchfield, Mich., for $5,000. Written contracts were prepared in both cases. The Litchfield contract was duly executed by both parties and the tank constructed, but the Hillsdale contract was not entered into, owing to the inability of the parties to agree on terms of payment. Work was

commenced, however, on the Hillsdale job and plaintiff claims that it was fully completed. Final payment was refused because of defendant's claim that the work was not done according to contract specifications.

Plaintiff contends that this is an action on *quantum meruit*, and that it is entitled to recover the actual value of its work and materials; but it plainly appears that its bargain was to construct the Hillsdale plant according to the plans and specifications which were to form part of the written contract. The failure to agree on a price and terms of payment did not excuse plaintiff from proving performance. To hold a different doctrine would be to compel the defendant to pay for something he had not bargained for. " He can demand payment only upon and according to the terms of his contract, and if the conditions upon which payment is due have not been performed then the right to demand it does not exist." (*Smith* v. *Brady*, 17 N. Y. 173.) Plaintiff was entitled to recover the fair value of its work and materials only as it built them into the elevator plant which it agreed to construct. (*Stewart* v. *Newbury*, 220 N. Y. 379, 384.) It relied on the price specified in the unexecuted contract as being substantially the fair value of what the plans and specifications called for. A small item of extras is included in its demand. One of the specifications of machinery equipment called for " 2 steel elevator legs, capacity each 4,000 bu. per hr.," and plaintiff's chief engineer testified that the capacity of the elevator was to be 4,000 bushels an hour as he remembered it. No dispute arises on this point. The evidence tended to show that the capacity of the elevator was not more than 3,300 bushels the hour. The credibility of this evidence was for the jury, but it squarely presented the question of non-performance of an essential feature of the contract.

The learned court in general terms charged the jury correctly on this point. It said: " A substantial per-

formance of the work is required. Slight omissions or deviations will not be regarded, but all essential requirements must be thoroughly met."

Defendant's counsel then sought to have the jury instructed more specifically. He said: " I ask your honor to charge the jury that if they find that the capacity of the elevator was not more than 3,300 bushels per hour, that then the plaintiff cannot recover because he has not substantially performed his contract." Then followed this colloquy.

The court: " I have already charged that if the plaintiff has not substantially performed his contract he cannot recover. There is no need of going into all the details about that."

Defendant's counsel: " I think that I ought to bring that question squarely up, because as I view the evidence it is undisputed that this Hillsdale elevator capacity did not exceed 3,300 bushels per hour."

The court: " That was at a certain state of the machinery. There was testimony, as I recall it, and the jury will correct me if I am in error, that by setting up the machinery they could get a better — greater result."

Defendant's counsel: " They did set it up."

The court: " They could set it up more. There is nothing here on which I could hold conclusively that they could not set it up more and make it run 4,000. I appreciate that there is testimony to that effect, that it did reach only 3,300, but they increased the speed to that amount from some twenty-four or twenty-five hundred to thirty-three hundred, by simply adding to the speed of the machinery."

Defendant's counsel: " Your honor will recall that the lower part of the elevator was so constructed that they could not crowd the elevator beyond that."

The court: " That is what I leave for the jury to say,

12

those are facts in connection with the case that I think are not conclusive upon me."

Defendant's counsel: " Your honor will give me an exception to the .charge as made and to the refusal to charge as requested."

The discussion indicates clearly enough that the learned court had in mind the correct application of the rule that plaintiff could recover nothing unless the jury found that it had met all essential requirements of the contract, including the requirement. of 4,000 bushels capacity, but the learned court did not at any time definitely say to the jury that the plaintiff could not recover any sum whatever if they found that the capacity of the elevator was limited to 3,300 bushels the hour. If they so found, no room remained for conflicting inferences. With reluctance, we are constrained to hold that this was substantial error. The jury may have failed to grasp the idea that they could not find for the plaintiff in some amount on some theory of *quantum meruit* under which plaintiff would be entitled to recover the fair and reasonable value of the work and materials actually performed and furnished by it. Here was a large grain elevating plant where rapid performance was a material element. Here was uncontradicted — if not undisputed — evidence that in an important detail the elevator was seriously defective. On this state of facts we have a verdict as to the elements of which we can only conjecture, but which is substantially less than plaintiff was entitled on the evidence to recover for full performance, even after allowing the defendant the full amount of his counterclaim for damages for non-performance of the Litchfield contract. Juries are at times capricious, and it may be that the reduction was made on no general principles, but it is at least arguable that the attempt was made to give some credit to defendant on account of the inferior capacity of the elevator. The

jury should have been plainly told that they could not thus adjust the differences of the parties. Abstract legal propositions, sound in themselves, may wholly fail to enlighten if their application to the case at bar is not pointed out. Substantial performance is a term of law which conveys little, if any, meaning to the lay mind and ordinarily sends the lawyer to his digests to discover the most recent illustrations of its judicial use.

Plaintiff offered no proof of substantial performance or of 'the cost of remedying defects. Defendant asked for and was refused instructions that plaintiff could not recover upon the theory of substantial performance. This ruling was properly excepted to. Strictly speaking, this was fundamental error (*Spence* v. *Ham*, 163 N. Y. 220), but it does not survive the unanimous affirmance. If it were not for the specific requests above set forth, we would have to assume that the evidence contained everything necessary to support the verdict. (*Cronin* v. *Lord*, 161 N. Y. 90.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO and ANDREWS, JJ., concur; CHASE and COLLIN, JJ., dissent on ground the jury were not misled by the rulings of the trial court mentioned in opinion.

Judgment reversed, etc.